UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALENE A. SLEETER,

    Plaintiff,

  v.                                                                   Case No. 08-C-737

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,

    Defendant.

# ORDER

Plaintiff filed this action seeking review of the Commissioner's denial of benefits. During the briefing period, the Commissioner moved for a remand in order to remedy the vocational expert ("VE") testimony that he believed was erroneous. Plaintiff opposed the remand, asserting that the record as it stood clearly set forth an entitlement to benefits.

Plaintiff believes she is entitled to benefits because the VE testified, in essence, that Plaintiff would only be capable of jobs in the sedentary work category. Because plaintiff was 50 years old as of July 22, 2006, under Medical-Vocational Rule 201.14 (known as the grids), the ALJ should have deemed her disabled. 20 C.F.R. pt. 404, Subpt. P, App. 2.

The ALJ concluded that Plaintiff had a kind of hybrid RFC. She could perform, he found, "unskilled, light work except she requires a job that allows her to change her position from standing to sitting during the course of the work itself in addition to the usual work breaks." (Tr. 28.) Thus, although the ALJ concluded the Plaintiff could perform light work, he limited that conclusion as set forth above. At the close of the hearing the ALJ asked the VE to assume someone were limited

to light and sedentary work that would "allow for a change of position during the work itself" and "would involve no more than occasional bending, twisting, other full body movements or reaching to the extremes of motion with the upper extremities." (Tr. 424.) The VE testified as follows:

> Assuming those criterion [sic], Your Honor, there are some categories we call choose your position, sit at will, stand at will and it would be the worker's option to make the decision, Your Honor. It would generally be considered sedentary work because of lifting no more than 10 pounds.

(Tr. 425.) The VE then cited several types of such jobs (cashier, ticket taker, etc.) that would exist in the region. The ALJ then asked, "So the restrictions that I gave you in this question would only allow for certain types of sedentary work then?" (*Id.*) The VE replied, "Yes, it would, because of the requirement to be able to sit to do the work all day if you chose." (*Id.*)

In essence, then, the VE apparently testified that the hypothetical posed by the ALJ described a claimant with only sedentary capabilities. The Commissioner asserts that the VE misinterpreted the question by limiting her answer to only sedentary jobs. But the transcript does not suggest a misinterpretation of the question so much as it suggests the VE's conclusion that there *were* no light work jobs that met the ALJ's hypothetical. This is reflected by the VE's affirmative answer to the ALJ's follow-up question asking whether "the restrictions that I gave you in this question would only allow for certain types of sedentary work." When the VE answered, "yes," she was stating that only sedentary jobs would meet the ALJ's proposed hybrid RFC. In other words, there is no such thing (according to the VE) as a "light work" category that limits the work in the way the ALJ described because jobs with those restrictions are only available in the sedentary category.

Based on this disconnect, it appears the ALJ may have erred in his conclusion that the Plaintiff could perform "light work" with the restrictions he listed. The only jobs cited by the VE

2

were sedentary jobs, and the ALJ cited these jobs as being available to the Plaintiff. (Tr. 33.) But if the Plaintiff was only able to perform sedentary jobs, under Medical-Vocational Rule 201.14 she would be deemed disabled as of July 22, 2006 because she was approaching advanced age (age 50).

Based on the record now before me, it seems likely that an error was committed at the administrative stage of these proceedings. The question is whether that justifies an award of benefits or a remand for further proceedings. As noted, the government believes a remand is warranted so that a the vocational expert testimony can be sorted out. In my view, however, the record seems clear that the VE did not misinterpret the hypothetical question – she simply rejected the notion that any "light" work existed that met the qualifications proposed by the ALJ. The ALJ then appears to have ignored this issue when concluding that a number of only sedentary jobs existed. In sum, the ALJ's RFC finding appears erroneous because the VE's testimony concluded that there was no such thing as (or at least no jobs to qualify for) light work with the qualifications the ALJ imposed.

This case is presently before me on the Commissioner's motion for remand. As such, I have not benefitted from the government's argument in support of the Commissioner's decision. It has argued that the Plaintiff's RFC fell between the full ranges of sedentary and light, which requires consultation with a VE, and that on remand the Plaintiff can challenge the RFC before the ALJ. It is true that consultation with a VE would be required and that the grids would not *mandate* a disability finding when a claimant is given a "hybrid" RFC, as here. *Haynes v. Barnhart*, 416 F.3d 621, 627 (7th Cir. 2005) ("Haynes's RFC falls somewhere between the light and sedentary exertional levels, and thus he does not match all of the criteria of the rules set forth in the grids.") But it appears the ALJ erred – that he should have made an RFC finding of sedentary – and if that

3

is true I wonder whether years of delay and a remand is truly warranted. In other words, it is possible that the record as it stands would allow this Court to conclude: (1) that the RFC should have been sedentary, and (2) that Medical-Vocational Rule 201.14 would therefore have mandated a finding of disability. Because I have not heard from the government on this issue, I will direct them to file a brief, by June 5, showing cause why an award of benefits would not be justified on the record as it now stands. The Plaintiff may reply by June 19.

**SO ORDERED** this 15th day of May, 2009.

                                            /s William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge